UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cr-00246-JRS-MJD |
| | ) | |
| YOUHUANG XIANG | ) | |
| a/k/a YOHAN, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**Stipulated Order of Removal**

The Parties, the United States of America, by counsel, Thomas E. Wheeler II, United States Attorney for the Southern District of Indiana, and Matthew J. Rinka, Assistant United States Attorney, and the Defendant Youhuang Xiang, by counsel, James Tunick, have requested that the Court enter a stipulated Judicial Order of Removal of the Defendant. The Court, having considered the Petition to Enter Plea of Guilty and Plea Agreement, (ECF No. 45), the Notice of Intent to Request Judicial Removal, (ECF No. 53), the Agreed Factual Allegations in Support of Judicial Removal, (ECF No. 57), the Concurrence of U.S. Immigration and Customs Enforcement, (ECF No. 58), and the Parties' statements—including the Court's colloquy with the Defendant relating to deportation—and arguments at sentencing, now finds as follows:

1. The Defendant is not a citizen or national of the United States.

2. The Defendant is a native and citizen of the People's Republic of China.

3. In 2023, the Defendant was admitted into the United States with a student (J-1) visa to conduct research as a postdoctoral research associate. He began this appointment at Indiana University in Bloomington, Indiana, on or about June 12, 2023.

4. The Defendant arrived at O'Hare International Airport in Chicago, Illinois, on or about November 23, 2025. On that same date, the Defendant was interviewed by U.S. Customs and Border Protection officials, and, during that interview, the Defendant admitted to multiple violations of federal law concerning the importation of biologic material in the form of plasmid DNA of *E. Coli* bacteria.

5. As a result of the Defendant's admissions, U.S. Customs and Border Protection determined that the Defendant was inadmissible and terminated his student (J-1) visa.

6. The Defendant currently has no lawful authority to enter, pass through, or remain in the United States.

7. On April 7, 2026, the Defendant was convicted of Count Two of the Indictment, (ECF No. 26), which charged the Defendant with Smuggling in violation of 18 U.S.C. §§ 545, 2.

8. The maximum sentence for a violation of 18 U.S.C. § 545 is twenty years of imprisonment, a fine of $250,000, and up to three years of supervised release following any term of imprisonment.

9. On April 7, 2026, the Court sentenced the Defendant to a term of imprisonment of time served, a fine of $500, and a one-year term of supervised release.

10. The Defendant is subject to removal from the United States under 8 U.S.C. § 1182(a)(2)(A)(i)(I) as the Defendant has admitted to and been convicted of a crime involving moral turpitude or an attempt or conspiracy to commit such a crime. The Defendant is also deportable under 8 U.S.C. § 1227(a)(2)(A)(i) because he was convicted of a crime involving moral turpitude within five years after the date of his admission to the United States for which a sentence greater than one year of imprisonment may be imposed.

11. The Defendant is likewise removable pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I), as the Defendant's J-1 Visa was cancelled on or about November 23, 2025, and the Defendant stipulates that he lacks any valid authorization to enter the United States. The Defendant is also deportable under 8 U.S.C. § 1227(a)(1)(C)(i) because the Defendant was admitted as a nonimmigrant and failed to maintain his nonimmigrant status or failed to comply with the conditions of his nonimmigrant status.

12. By the terms of his plea agreement, the Defendant has agreed to the entry of the Judicial Order of Removal requested by the United States. (Pet. ¶ 27, ECF No. 45.)

13. The Defendant has waived his right to notice and a hearing under 8 U.S.C. § 1228(c)(5).

14. The Defendant has waived the right to pursue any and all forms of relief and protection from removal.


Accordingly, under 8 U.S.C. § 1228(c), the Defendant is ordered removed from the United States to the People's Republic of China upon his sentencing, which removal is effective upon completion of his term of incarceration.


**SO ORDERED.**

Date: 4/7/2026

_____
JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana


Distribution:

U.S. Marshals Service

U.S. Probation Office

Yilun Hu
Huang and Hu PC
yhu@huang-hu.com

Matthew Rinka
DOJ-USAO
matthew.rinka@usdoj.gov

James D. Tunick
Law Offices of James D. Tunick
jamestunick@gmail.com

4